**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

METAL YAPI HOLDINGS A.S.,

    Plaintiff,

v.                                                            Case No.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. ("JPMC") removes *Metal Yapi Holdings, A.S., v. JPMorgan Chase Bank, N.A.*, No. 20-CA-005384 (Fla. 13th Cir. Ct. 2019) (the "State Court Action"), to this Court pursuant to Local Rule 4.02, and 28 U.S.C. §§ 1332, 1441, and 1446. JPMC provides below "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). JPMC will also provide evidence to support the allegations of this Notice as required in response to any challenge to this Court's jurisdiction.

    **A.**    **Introduction.**

    1.    On July 2, 2020, Plaintiff Metal Yapi Holdings A.S., filed the State Court Action in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, asserting a single claim against JPMC for injunctive relief. In its Complaint, Plaintiff seeks a permanent injunction prohibiting JPMC from making payment under two letters of credit in the amounts of $4,102,229.00 and $2,051,115.00.

2. JPMC was served with the Summons and Complaint on July 2, 2020. A true and correct copy of the Summons and Complaint are attached to this Notice as **Composite Exhibit "A"**.

3. In accordance with Local Rule 4.02(b) and pursuant to 28 U.S.C. § 1446(a), true and legible copies of all pleadings and papers on file in the State Court Action other than the Summons and Complaint are attached to this Notice as **Composite Exhibit "B"**.

4. Removal to this Court is proper because: (a) the State Court Action is being removed from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida; (b) pursuant to 28 U.S.C. § 1446(b), this Notice is being filed within thirty days from the date of JPMC's receipt of the initial pleading; and (c) as shown below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because (i) this matter is between a citizen of a State and a citizen of a foreign state within the meaning of that provision, and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

B. **The Diversity of Citizenship Requirement is Satisfied.**

5. The parties to this action are citizens of different states.

6. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State or foreign state by which it has been incorporated and of the State where it has its principal place of business." As alleged in the Complaint, Plaintiff is, and was at the time the State Court Action was filed, a Turkish corporation "with its principal place of business located at Plaza K. Is Merkezi, K:5, No:2, Ruzg Selvi Cikmaz Sokak, Kavacik,

Beykoz Istanbul, 34805, Turkey." Compl. at ¶ 11.[1] Plaintiff is a citizen of the Republic of Turkey.

7. Federally-chartered national banks, such as JPMC, do not fall under the above provision as they are not incorporated by "any State." Pursuant to 28 U.S.C. § 1348, "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, National Association v. Schmidt, et al.*, 546 U.S. 303 (2006); *see also Arthur v. JPMorgan Chase Bank, N.A. et al.*, 569 F. App'x. 669, 673 (11th Cir. 2014); *Orton v. Mathews*, 572 F. App'x. 830, 832 (11th Cir. 2014). JPMC is, and was at the time the State Court Action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, JPMC is a citizen of Ohio for the purpose of diversity jurisdiction.

8. Because Plaintiff is a citizen of the Republic of Turkey and JPMC is a citizen of Ohio, there is complete diversity of citizenship between the parties.

C. **The Amount in Controversy Requirement Is Satisfied.**

9. The amount in controversy exceeds $75,000. As alleged in the Complaint, Plaintiff seeks a permanent injunction prohibiting JPMC from making payment under two

---

[1] Plaintiff alleges that it is a Turkish "A.S.," which "is the [Turkish] equivalent of a United States corporation . . . ." *Borusan Makina Ve Guc Sistemleri Sanayi Ve Ticaret A.S. v. Hoist Liftruck MFG., Inc.*, 338 F. Supp. 3d 738, 740 (N.D. Ill. 2018) (holding that a Turkish A.S. qualifies as a corporation for diversity purposes under 28 U.S.C. § 1332(c)(1)).

3

Letters of Credit in the amounts of $4,102,229.00 and $2,051,115.00.  Compl., at pp. 3 and 6.  Where, as here, an initial pleading seeks nonmonetary relief, the "notice of removal may assert the amount in controversy . . . ."  28 U.S.C. § 1446(c)(2)(A).  The removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  And, "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).

10.  In this matter, the "objects" of the litigation are the Letters of Credit.  The combined total amount of the Letters of Credit is $6,153,334.  Accordingly, based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

**D.   All Other Removal Prerequisites Have Been Satisfied.**

11.  This Notice of Removal is timely filed because it has been filed within 30 days of service of the Complaint.  *See* 28 U.S.C. § 1446(b).

12.  Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the Circuit Court of Hillsborough County, Florida.  28 U.S.C. § 1446(a).

13.  This action is not a non-removable action as described under 28 U.S.C. § 1445.

14.  In accordance with 28 U.S.C. § 1446(d), JPMC will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and file a Notice of Filing this Notice of Removal with the Clerk of the Circuit Court of Hillsborough County, Florida in the State Court Action.

## RESERVATION OF ALL RIGHTS AND DEFENSES

15. In removing this action, JPMC does not intend to waive any rights or defenses to which it is otherwise entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b) and 13. JPMC further reserves the right to supplement this Notice of Removal and present additional arguments in support of removal, if necessary.

## CONCLUSION

16. Removal of this case is timely and appropriate. This civil action is between a citizen of a State and a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See Williams*, 269 F.3d at 1319.

For the reasons expressed above, JPMC respectfully removes this action to this Court pursuant to Local Rule 4.02 as well as 28 U.S.C. §§ 1332, 1441, and 1446.

Dated this July 31, 2020

/s/ Christopher Torres
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Joseph H. Picone (FBN 118381)
piconej@gtlaw.com
**GREENBERG TRAURIG, P.A**.
101 East Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary email: quicenoj@gtlaw.com
flservice@gtlaw.com

*Counsel for JPMorgan Chase Bank, N.A.*

ACTIVE 51380163v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2020, I electronically filed the foregoing **Notice of Removal**, through the Court's CM/ECF system, which will send an electronic copy to the following:

John Giardino, Esq.
Alex Barnett-Howell, Esq.
MICHELMAN & ROBINSON, LLP
800 Third Avenue, 24th Floor
New York, New York 1022
jgiardino@mrllp.com
abarnett-howell@mrllp.com

Inguna Varslavane-Callahan, Esq.
THE CALLAHAN LAW FIRM, LLC
449 Central Avenue, Suite 203
Saint Petersburgh, FL 33701
icallahan@CLFtrialattorneys.com

                                        /s/ Christopher Torres
                                        Christopher Torres